UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS WILLIAM BOHNARD,

    Petitioner,

                               Civil No. 2:24-cv-10940

                               Honorable Linda V. Parker
                               United States District Judge

NOAH NAGY,

    Respondent.
_____/

**<u>OPINION AND ORDER SUMMARILY DISMISSING THE HABEAS PETITION WITHOUT PREJUDICE AND DENYING MOTION TO DISMISS AS MOOT (ECF No. 10)</u>**

      This is a 28 U.S.C. § 2241 habeas matter. Michigan prisoner Dennis William Bohnard ("Petitioner") initially filed this action as an appeal challenging the execution of his 2020 federal sentence in the United States District Court for the Western District of Michigan. The Western District transferred the case to this Court because Petitioner is presently serving his state sentences at the Parnall Correctional Facility in Jackson, Michigan where Respondent Noah Nagy is the warden. Petitioner alleges that the Federal Bureau of Prisons ("BOP") erroneously enlarged the duration of his federal sentence by failing to run his sentence concurrently to his state sentences. He seeks relief under 28 U.S.C. § 2241 and

seeks credit against his federal sentence for time spent in state-prison custody with the Michigan Department of Corrections ("MDOC"). For the reasons discussed below, the Court will deny his request and dismiss the petition without prejudice.

## I. BACKGROUND

On February 27, 2020, Petitioner pleaded guilty to possession of an unregistered short-barreled shotgun, contrary to 26 U.S.C. §§ 5841, 5871, 5845(a)(1), 5861(d), and to unauthorized occupancy of a residence on national forest system lands, contrary to 16 U.S.C. § 551 and 36 C.F.R. § 26.10(b) in the United States District Court for the Western District of Michigan. On June 1, 2020, the district court sentenced Petitioner to 96 months' imprisonment for the possession of an unregistered shotgun conviction and three month's imprisonment for the unauthorized occupancy conviction. Petitioner's term of 96 months' imprisonment was ordered to be served concurrently to his sentence for the unauthorized occupancy conviction. *See United States v. Bohnard*, Case No. 20-cr-00008 (W.D. Mich. June 2, 2020) (ECF Nos. 35, 41).

Around the same time, Petitioner faced criminal prosecution in the state courts of Lake County and Clare County, Michigan. In the Lake County Circuit Court, Petitioner pleaded guilty to: (1) three counts of possession of burglar's tools, Mich. Comp. Laws § 750.116; (2) two counts of breaking and entering a building with intent to commit larceny, Mich. Comp. Laws § 750.110; (3) one

2

count of larceny by conversion of property with a value of $1,000 or more but less than $20,000, Mich. Comp. Laws § 750.356(3)(a); and (4) one count of concealing and receiving stolen property, Mich. Comp. Laws § 750.535(3)(a). On June 9, 2020, the state trial court sentenced him to 4 to 15 years' imprisonment for the possession of burglar's tools convictions, 4 to 15 years' imprisonment for the breaking and entering convictions, 4 to 7 years, six months' imprisonment for the larceny conviction and 4 to 7 years, 6 months' imprisonment for receiving stolen property. *See* Offender Profile, Michigan Department of Corrections' Offender Tracking Information System ("OTIS"), https://mdocweb.state.mi.us/otis2/otis2profile.aspx? mdocNumber=663946.

In 2021, Petitioner pleaded guilty to assault with intent to do great bodily harm in the Clare County Circuit Court. On July 26, 2021, the state trial court sentenced him to 3 years and 6 months to 20 years' imprisonment. *Id*. Because of the limited record before the Court, it is unclear whether Petitioner's state court sentences were to be served concurrent or consecutive to any other sentences.

Now, Petitioner has filed a document titled "Motion for Leave to Appeal," which the Court interprets as a habeas petition filed under 28 U.S.C. § 2241 challenging the execution of his federal sentence. Petitioner alleges that the state courts ordered that his sentences be served concurrent to all sentences currently imposed, including his federal sentence. Petitioner claims that he is not receiving

3

the proper sentencing credit because the BOP has not applied a *nunc pro tunc* designation to the state prison as the place of confinement on his federal convictions.

## II. DISCUSSION

Petitioner seeks relief pursuant to 28 U.S.C. § 2241. Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States[.]" A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).

Critically, a state prisoner may use a § 2241 petition to challenge the execution of a federal sentence which has been imposed but has not yet begun to be served. *See United States v. Miller*, 594 F.3d 1240, 1241 (10th Cir. 2010) (ruling that a state inmate's request for *nunc pro tunc* designation in regards to future federal sentence is pursued appropriately under 28 U.S.C. § 2241); *Pack v Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.").

4

The BOP has discretionary authority, under 18 U.S.C. § 3621(b), to designate a federal prisoner's place of incarceration. *Barden v. Keohane*, 921 F.2d 476, 479 (3d Cir. 1990); *Miller v. Fed. Bureau of Prisons*, No. 13–CV–2633, 2014 WL 2722343, at *3 (N.D. Ohio June 16, 2014) (citing *Barden*, 921 F.2d at 478). "Where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

At this stage, the Court cannot reach the merits of Petitioner's *nunc pro tunc* designation claim because he has not established that he exhausted his administrative remedies. A federal prisoner is required to completely exhaust his administrative remedies prior to seeking habeas review of the BOP's calculation of the prisoner's sentencing credits. *United States v. Westmoreland*, 974 F.2d 736, 737–38 (6th Cir. 1992). Although exhaustion is an affirmative defense that a petitioner does not need to plead in the petition, when it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may *sua sponte* dismiss the petition without prejudice based on that affirmative defense. *Jones v. Bock*, 549 U.S. 199, 214–16 (2007); *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

The BOP has a multi-tiered administrative grievance process. If a matter

5

cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the warden's response, the prisoner can file a BP-10 Form to appeal to the regional director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. If the prisoner is not satisfied with the regional director's response, the prisoner can file a BP-11 Form to appeal to the general counsel at the central office, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. Dismissal of a § 2241 petition is proper where a petitioner has failed to exhaust his remedies through the BOP's administrative remedy program. *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017).

The fact that Petitioner is presently in the custody of the MDOC and has not begun serving his federal sentence does not excuse the exhaustion requirement. "[A] non-federal inmate must exhaust the administrative remedies available to federal inmates, even if that means that the individual will have to wait until he is a federal inmate before pursuing a hearing on his application." *See Madinah v. Marberry*, No. 05-CV-73801-DT, 2006 WL 2365129, at *1 (E.D. Mich. Aug. 15, 2006) (quoting *Arashi v. United States*, No. 94 Civ. 7603 (CSH), 1995 WL 358676, at *3 (S.D.N.Y. June 14, 1995)). *See also Settle*, 2017 WL 8159227, at *2 (affirming the district court's dismissal of § 2241 petition where petitioner argued

6

that he was not required to exhaust his administrative remedies through the BOP because "pursuit of 'administrative relief from the [BOP] . . . [did] not apply to him' because he [wa]s not currently confined in a federal facility").

To show the requisite exhaustion, a petitioner must attach a copy of the final BOP administrative decision, or alternatively, describe with specificity the administrative proceeding concerning his case and its outcome. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006); *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 995-96 (6th Cir. 2004) (stating that a prisoner must provide documentation or otherwise "describe with specificity the administrative proceeding and its outcome.").

It is apparent from the face of the habeas corpus petition that Petitioner did not exhaust his administrative remedies by requesting credit toward his federal sentence for time served in state custody and receiving a final decision from the BOP. Petitioner does not describe any forms filed with the BOP or the outcome of his requests. Further, he does not attach a copy of the BOP's final decision. *See Fazzini*, 473 F.3d at 236. Indeed, the petition is devoid of any facts alleging that he raised the *nunc pro tunc* sentencing claim with the BOP. Therefore, it appears that the administrative remedy system is still available to him to file a request with the BOP for a *nunc pro tunc* designation and then to appeal the matter to exhaustion, thereby creating a record for the Court's review. Until Petitioner

receives a final determination from the BOP, the petition is not ripe for review. *Pierce*, 614 F.3d at 160.

Accordingly, the Court will dismiss the petition without prejudice because Petitioner fails to show that, prior to filing this § 2241 petition, he exhausted his remedies with respect to his claim that the BOP should consider designating the MDOC as the place of service of his federal sentence, so that he can receive credit for the time he has served on his state sentences. *See Thomas v. Bogan*, 70 F.3d 1273, 1995 WL 692987, at *2 (6th Cir. 1995) (finding that a case is "not ripe for judicial review" where an inmate did not exhaust administrative remedies by requesting the BOP to designate a state prison as the place of confinement for a federal sentence (citing *Westmoreland*, 974 F.2d at 737)).

### III.    CONCLUSION

For the reasons stated, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. (ECF No. 1.)

A certificate of appealability is not needed to appeal the dismissal of habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) ("The [federal statutory provision requiring a certificate of appealability] does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is

Case 2:24-cv-10940-LVP-DRG ECF No. 12, PageID.38 Filed 02/12/25 Page 9 of 9

pursuant to federal process."). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

The Court further denies Petitioner leave to appeal *in forma pauperis* because any appeal would not be taken in good faith.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss (ECF No. 10) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                                       s/ Linda V. Parker
                                                       LINDA V. PARKER
                                                       U.S. DISTRICT JUDGE

Dated: February 12, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 12, 2025, by electronic and/or U.S. First Class mail.

                                                       s/Aaron Flanigan
                                                       Case Manager